# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO CIENFUEGOS,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>GIPSON, et al.,<br><br>　　　　　Defendants. | Case No. 1:14-cv-00215 AWI DLB PC<br><br>ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND FOR FAILURE TO STATE A CLAIM FOR WHICH RELIEF MAY BE GRANTED<br><br>THIRTY-DAY DEADLINE |

　　　　Plaintiff Leo Cienfuegos ("Plaintiff") is a California state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983.[1]  Plaintiff filed his complaint on February 18, 2014.

**A.	SCREENING REQUIREMENT**

　　　　The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a).  The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted."  28 U.S.C.

---

[1] Plaintiff paid the filing fee and is not proceeding in forma pauperis.

1

1  § 1915(e)(2)(B)(ii).

2  A complaint must contain "a short and plain statement of the claim showing that the pleader
3  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but
4  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
5  do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly,
6  550 U.S. 544, 555 (2007)).  Plaintiff must set forth "sufficient factual matter, accepted as true, to
7  'state a claim that is plausible on its face.'"  Id. (quoting Twombly, 550 U.S. at 555).  While factual
8  allegations are accepted as true, legal conclusions are not.  Id.

9  Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other
10  federal rights by persons acting under color of state law.  Nurre v. Whitehead, 580 F.3d 1087, 1092
11  (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v.
12  Williams, 297 F.3d 930, 934 (9th Cir. 2002).  Plaintiff's allegations must link the actions or
13  omissions of each named defendant to a violation of his rights; there is no respondeat superior
14  liability under section 1983.  Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d
15  1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009);
16  Jones, 297 F.3d at 934.  Plaintiff must present factual allegations sufficient to state a plausible claim
17  for relief.  Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).
18  The mere possibility of misconduct falls short of meeting this plausibility standard.  Iqbal, 556 U.S.
19  at 678; Moss, 572 F.3d at 969.

20  **B.    SUMMARY OF PLAINTIFF'S ALLEGATIONS**

21  Plaintiff is currently incarcerated in the Security Housing Unit ("SHU") at Corcoran State
22  Prison ("CSP") in Corcoran, California, where the events at issue occurred.

23  *Due Process Claim*

24  Plaintiff alleges that on September 26, 2011, he was validated as a prison gang associate
25  based on insufficient, unreliable evidence that was over ten years old and had been dismissed by the
26  state superior court.  Plaintiff was sent to the SHU at CSP for an indefinite term.

27  On March 5, 2012, Plaintiff was brought before Defendants Lambert, Pina, Nickel and Matta
28  for his initial "180-Day Indeterminate SHU/Gang Status Review."  Plaintiff contends that he did not

receive a meaningful review, and he was retained in the SHU indefinitely. Defendants Lambert, Pina, Nickel and Matta refused to conduct any review of Plaintiff's gang status until February 4, 2017 (six years after his gang validation).

On August 9, 2012, Plaintiff was brought before Defendants Lambert, Nickel and Cano for his review. These Defendants also stated that they would not review Plaintiff's gang status until February 4, 2017.

On March 22, 2013, Plaintiff was brought before Defendants Sexton, Campbell, Banks-Graves and Mayo for his review. These Defendants told Plaintiff that they would not review his gang status until February 4, 2017.

On September 17, 2013, Plaintiff was brought before Defendants Gipson and Pino for another review. These Defendants also stated that they would not review Plaintiff's gang status until February 4, 2017.

Plaintiff alleges that at each of these reviews, he informed each of these Defendants that the 2001 evidence used to validate him was insufficient, unreliable, old and had been previously dismissed by the state superior court for lack of probable evidence. Defendants failed to act and correct the error, and caused Plaintiff to be held in the SHU indefinitely and without cause.

Plaintiff contends that these reviews violated his due process rights under the Fourteenth Amendment by denying him meaningful and timely periodic reviews.

*First Amendment Claim*

Plaintiff alleges that on September 7, 2012, he submitted an appeal regarding the above issues. Defendant Henry "rejected" and refused to process the appeal based on an improper reason, claiming that Plaintiff could not challenge the evidence used by the review hearings to continue his SHU confinement.

On October 18, 2012, Plaintiff filed an appeal challenging Defendant Henry's rejection. On October 24, 2012, Defendant Campbell rejected the appeal based on an improper reason, stating that Plaintiff could only appeal Defendant Henry's rejection based on time constraints (not on the gang validation issue).

On October 24, 2012, Plaintiff resubmitted the appeal. Defendant Cribbs rejected the appeal on November 5, 2012. Plaintiff contends that Defendant Cribbs gave him the "runaround" and refused to file the appeal. Defendant Cribbs said that Plaintiff *could* appeal the August 9, 2012, review but had to remove portions of the appeal concerning his validation and the evidence used.

On December 4, 2012, Plaintiff resubmitted the appeal with further explanation. On January 7, 2013, Defendant Parra cancelled the appeal for improper reasons, citing a time constraint violation.

Plaintiff then filed a new appeal challenging Defendant Parra's cancellation. Defendants Parra and Perez denied the appeal for the same improper reason- a time constraint violation.

Plaintiff contends that these rejections were unsupported and violate Plaintiff's First Amendment right to access to the courts.

## C.   DISCUSSION

### 1.   Due Process

The Due Process Clause protects Plaintiff against the deprivation of liberty without the procedural protections to which he is entitled under the law. Wilkinson v. Austin, 545 U.S. 209, 221, 125 S.Ct. 2384 (2005). To state a claim, Plaintiff must first identify the interest at stake. Wilkinson, 545 U.S. at 221. Liberty interests may arise from the Due Process Clause or from state law. Id. The Due Process Clause itself does not confer on inmates a liberty interest in avoiding more adverse conditions of confinement, id. at 221-22 (citations and quotation marks omitted), and under state law, the existence of a liberty interest created by prison regulations is determined by focusing on the nature of the condition of confinement at issue, id. at 222-23 (citing Sandin v. Conner, 515 U.S. 472, 481-84, 115 S.Ct. 2293 (1995)) (quotation marks omitted). Liberty interests created by prison regulations are generally limited to freedom from restraint which imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life. Wilkinson, 545 U.S. at 221 (citing Sandin, 515 U.S. at 484) (quotation marks omitted); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). If a protected interest is identified, the inquiry then turns to what process is due. Wilkinson, 545 U.S. at 224.

The assignment of validated gang members and associates to the SHU is an administrative measure rather than a disciplinary measure, and is "essentially a matter of administrative discretion." Bruce v. Ylst, 351 F.3d 1283, 1287 (9th Cir. 2003) (quoting Munoz v. Rowland, 104 F.3d 1096, 1098 (9th Cir. 1997)). As a result, prisoners are entitled to the minimal procedural protections of adequate notice, an opportunity to be heard, and periodic review. Bruce, 351 F.3d at 1287 (citing Toussaint v. McCarthy, 801 F.2d 1080, 1100-01 (9th Cir. 1986), abrogated in part on other grounds by Sandin v. Connor, 515 U.S. 472, 115 S.Ct. 2293 (1995)). In addition to these minimal protections, there must be "some evidence" bearing "some indicia of reliability" supporting the decision. Castro v. Terhune, 712 F.3d 1304, 1314 (9th Cir. 2013) (citing Superintendent v. Hill, 472 U.S. 445, 456, 105 S.Ct. 2768 (1985) and Bruce, 351 F.3d at 1287) (internal quotation marks omitted).

Here, Plaintiff contends that Defendants' refusal to review his gang validation until 2017 did not constitute meaningful review, especially where he alleges that the evidence used to validate him was insufficient. Insofar as Plaintiff contends that his reviews were meaningless because Defendants refused to review his gang validation, he does not state a claim. The Ninth Circuit has determined that California's periodic review procedure comports with due process. See Torres v. Cate, 501 Fed. Appx. 662, 662–663 (9th Cir. 2012). Plaintiff alleges that he was validated on September 26, 2011, he received and that received hearings on March 5, 2012, August 9, 2012, March 22, 2013 and September 17, 2013.

Even though Plaintiff alleges that Defendants refused to review his gang validation at these hearings, such a review is not required by due process. Instead, Plaintiff's periodic reviews are simply to determine whether his continued housing assignment is proper given the administrative needs of the prison. Toussaint v. McCarthy, 801 F.2d 1080, 1101 (9th Cir.1986) (while periodic review of inmate's segregated confinement is necessary, prison officials are not required to allow additional evidence or statements), abrogated in part on other grounds in Sandin v. Conner, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Accordingly, Plaintiff fails to state a claim against Defendants Gipson, Lambert, Sexton, Campbell, Mayo, Cano, Banks-Graves, Matta, Nickel, and Pina based upon their involvement in Plaintiff's periodic review hearings.

5

To the extent that Plaintiff alleges that his gang validation was not supported by sufficient, reliable evidence, this may state a claim for relief. Castro, 712 F.3d at 1314. However, such a challenge must be brought against "the prison official [who] was the critical decision maker" in Plaintiff's original gang validation. Id. at 1308. "In the case of administrative segregation founded upon positive gang validation, the official charged with deciding whether to transfer or retain an inmate in administrative segregation is the IGI. Thus, prior to validation as a gang member, [plaintiff is] entitled to an 'informal nonadversary hearing' with an IGI." Stewart v. Alameida, 418 F.Supp.2d 1154, 1165 (N.D.Cal. 2006) (citing Toussaint, 926 F.2d at 803; and Madrid, 889 F.Supp. at 1276 ("[I]t is clear that the critical decisionmaker in the process is ... the IGI.")).

Based on Plaintiff's allegations, it is not clear who was the IGI involved in his original validation. Accordingly, the Court will permit Plaintiff to amend this claim to clarify the official who was charged as the critical decision maker in Plaintiff's validation.

2.     Access to Courts

To the extent Plaintiff believes that the refusal to process his appeals gives rise to a viable claim for denial of access to the courts, Plaintiff is incorrect. Such a claim accrues only when an inmate suffers an actual injury, and speculation that the inability to pursue an appeal will lead to a future litigation injury is insufficient. Christopher v. Harbury, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); Lewis v. Casey, 518 U.S. 343, 351 (1996); Phillips v. Hust, 588 F.3d 652, 655 (9th Cir. 2009).

Moreover, because there is no constitutionally protected right to a prison grievance process, the failure to process Plaintiff's grievances does not state a claim for denial of due process, Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003). Therefore, actions in reviewing appeals cannot serve as a basis for liability under section 1983. Buckley v. Barlow, 997 F.2d 494, 495 (8th Cir.1993).

Plaintiff therefore fails to state a claim against Defendants Henry, Campbell, Cribbs, Parra and Perez based on a denial of access to the courts.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim upon which relief may be granted under section 1983. The Court will provide Plaintiff with an opportunity to file an amended complaint. Akhtar,

698 F.3d at 1212-13; Lopez, 203 F.3d at 1130.  Plaintiff may only amend his claim regarding the due process challenge to his initial gang validation.  The remaining claims cannot be cured by amendment.

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's federal rights and liability may not be imposed on supervisory personnel under the theory of mere respondeat superior, Iqbal, 556 U.S. at 676-77; Starr v. Baca, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ."  Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, Lacey v. Maricopa County, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint; and

4. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **July 18, 2014**          /s/ Dennis L. Beck
                                     UNITED STATES MAGISTRATE JUDGE