# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEO CIENFUEGOS,<br><br>    Plaintiff,<br><br>    v.<br><br>GIPSON, et al.,<br><br>    Defendants. | Case No. 1:14-cv-00215 AWI DLB PC<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION<br>(Document 14)<br><br>ORDER GRANTING PLAINTIFF LEAVE TO FILE AN AMENDED COMPLAINT |

Plaintiff Leo Cienfuegos ("Plaintiff") is a California state prisoner proceeding pro se in this action pursuant to 42 U.S.C. § 1983.[1] Plaintiff filed his complaint on February 18, 2014.

On July 18, 2014, the Court screened Plaintiff's complaint and dismissed it with leave to amend. The Court allowed Plaintiff to amend his due process challenge to his initial gang validation, but found that the remaining claims could not be cured by amendment.

On August 21, 2014, Plaintiff filed his First Amended Complaint. He filed a motion for reconsideration of the screening order on September 18, 2014.

Plaintiff's First Amended Complaint is awaiting screening.

## **LEGAL STANDARD**

Reconsideration motions are committed to the discretion of the trial court. *Rodgers v. Watt*, 722 F.2d 456, 460 (9th Cir. 1983) (en banc); *Combs v. Nick Garin Trucking*, 825 F.2d 437, 441

---

[1] Plaintiff paid the filing fee and is not proceeding in forma pauperis.

1

(D.C. Cir. 1987). A party seeking reconsideration must set forth facts or law of a strongly convincing nature to induce the court to reverse a prior decision. *See e.g., Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D. Cal. 1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir. 1987).

This Court reviews a motion to reconsider a Magistrate Judge's ruling under the "clearly erroneous or contrary to law" standard set forth in 28 U.S.C. § 636(b)(1)(A) and Fed.R.Civ.P. 72(a). As such, the court may only set aside those portions of a Magistrate Judge's order that are either clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); *see also Grimes v. City and County of San Francisco*, 951 F.2d 236, 240 (9th Cir.1991) (discovery sanctions are non-dispositive pretrial matters that are reviewed for clear error under Fed. R. Civ. P. 72(a)).

A magistrate judge's factual findings are "clearly erroneous" when the district court is left with the definite and firm conviction that a mistake has been committed. *Security Farms v. International Bhd. of Teamsters*, 124 F.3d 999, 1014 (9th Cir. 1997); *Green v. Baca*, 219 F.R.D. 485, 489 (C.D. Cal. 2003). The "'clearly erroneous' standard is significantly deferential." *Concrete Pipe and Products of California, Inc. v. Construction Laborers Pension Trust for Southern California,* 508 U.S. 602, 623, 113 S.Ct. 2264 (1993).

The "contrary to law" standard allows independent, plenary review of purely legal determinations by the magistrate judge. *See Haines v. Liggett Group, Inc.*, 975 F.2d 81, 91 (3rd Cir.1992); *Green*, 219 F.R.D. at 489; *see also Osband v. Woodford*, 290 F.3d 1036, 1041 (9th Cir. 2002). "An order is contrary to law when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Knutson v. Blue Cross & Blue Shield of Minn.*, 254 F.R.D. 553, 556 (D. Minn. 2008); *Rathgaber v. Town of Oyster Bay*, 492 F.Supp.2d 130, 137 (E.D.N.Y. 2007); *Surles v. Air France*, 210 F.Supp.2d 501, 502 (S.D.N.Y. 2001); *see Adolph Coors Co. v. Wallace*, 570 F.Supp. 202, 205 (N.D. Cal. 1983).

"Pretrial orders of a magistrate under § 636(b)(1)(A) . . . are not subject to a de novo determination. . . ." *Merritt v. International Bro. of Boilermakers*, 649 F.2d 1013, 1017 (5th Cir. 1981). "The reviewing court may not simply substitute its judgment for that of the deciding court." *Grimes*, 951 F.2d at 241; *see Phoenix Engineering & Supply v. Universal Elec.*, 104 F.3d 1137, 1141

2

(9th Cir. 1997) ("the clearly erroneous standard allows [for] great deference"). A district court is able to overturn a magistrate judge's ruling "'only if the district court is left with the definite and firm conviction that a mistake has been made.'" *Computer Economics, Inc. v. Gartner Group, Inc.*, 50 F.Supp.2d 980, 983 (S.D. Cal. 1999) (quoting *Weeks v. Samsung Heavy Indus. Co., Ltd.*, 126 F.3d 926, 943 (7th Cir. 1997)). Nonetheless, "[m]otions for reconsideration are disfavored, however, and are not the place for parties to make new arguments not raised in their original briefs." *Hendon v. Baroya,* 2012 WL 995757, at *1 (E.D. Cal. 2012) (citing *Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001); *Northwest Acceptance Corp. v. Lynnwood Equip., Inc.*, 841 F.2d 918, 925–26 (9th Cir. 1988)).

## **DISCUSSION**

Plaintiff seeks reconsideration of two rulings in the screening order: the dismissal of his claim alleging denial of meaningful periodic reviews, and the Court's finding that Plaintiff could not state an access to courts claim based on Defendants' alleged refusal to file his inmate appeals.

A.   Denial of Meaningful Periodic Reviews

Plaintiff alleged that Defendants' refusal to review his gang validation once he had been placed in Ad-Seg violated the Due Process Clause. The Magistrate Judge found, however, that Plaintiff could not state a claim and explained as follows:

> Insofar as Plaintiff contends that his reviews were meaningless because Defendants refused to review his gang validation, he does not state a claim. The Ninth Circuit has determined that California's periodic review procedure comports with due process. See *Torres v. Cate*, 501 Fed. Appx. 662, 662–663 (9th Cir. 2012). Plaintiff alleges that he was validated on September 26, 2011, and that received hearings on March 5, 2012, August 9, 2012, March 22, 2013 and September 17, 2013.
>
> Even though Plaintiff alleges that Defendants refused to review his gang validation at these hearings, such a review is not required by due process. Instead, Plaintiff's periodic reviews are simply to determine whether his continued housing assignment is proper given the administrative needs of the prison. *Toussaint v. McCarthy*, 801 F.2d 1080, 1101 (9th Cir.1986) (while periodic review of inmate's segregated confinement is necessary, prison officials are not required to allow additional evidence or statements), abrogated in part on other grounds in *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995). Accordingly, Plaintiff fails to state a claim against Defendants Gipson, Lambert, Sexton, Campbell, Mayo, Cano, Banks-Graves, Matta, Nickel, and Pina based upon their involvement in Plaintiff's periodic review hearings.

ECF No 8, at 5.

3

In moving for reconsideration, Plaintiff contends that this finding is contrary to law. He contends that he was consistently told that his gang status would not be reviewed until 2017, making his periodic reviews meaningless.

Plaintiff relies on *Tapia v. Alameida*, 2006 WL 842470, *10-11 (E.D.Cal. 2006). In *Tapia*, the court determined on summary judgment that Plaintiff set forth evidence that neither the UCC nor the ICC, the committees conducting the periodic reviews, had the authority to consider releasing Plaintiff from the SHU, and that he did not receive a review before an IGI. This was sufficient to raise a triable issue of fact as to whether plaintiff's periodic reviews were more than "meaningless gestures." Id.

Plaintiff submits in the pending motion, for the first time, classification chronos showing that his periodic reviews were conducted by the ICC. Although he states in his motion that he is making the same argument as the *Tapia* plaintiff, such allegations were not included in his complaint. The Magistrate Judge did not err, therefore, because the correct law was applied based on Plaintiff's allegations.

However, given Plaintiff's allegations that he did not receive required due process when he was initially validated, the Court questions whether, in such instances, subsequent periodic review of the initial decision can be meaningful. *See eg. Lopez v. Cook*, 2008 WL 4489898, *26 (E.D.Cal. 2008). Thus, while the Magistrate Judge's decision was correct, the Court will permit Plaintiff to file an amended complaint on the periodic review issue.

B.   Inmate Grievances

Finally, Plaintiff argues that his claim relating to the refusal to process inmate grievances is sufficient to state a denial of access to courts claim. In finding that he did not state a claim, the Magistrate Judge explained:

> To the extent Plaintiff believes that the refusal to process his appeals gives rise to a viable claim for denial of access to the courts, Plaintiff is incorrect. Such a claim accrues only when an inmate suffers an actual injury, and speculation that the inability to pursue an appeal will lead to a future litigation injury is insufficient. *Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 2185-87 (2002); *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Phillips v. Hust*, 588 F.3d 652, 655 (9th Cir. 2009).

ECF No. 8, at 6.

4

In support, he cites *Knight v. Nimrod*, 14 Fed.Appx. 921, 922-923 (9th Cir. 2001), an unpublished decision where the Ninth Circuit determined that allegations that defendant refused to file a grievance stated a claim for denial of access to courts. However, as this Court has previously noted, *Knight* is an unpublished opinion and does not constitute authority upon which this Court must, or even may, rely. *Juarez v. Alameda,* 2006 WL 403839, *(E.D.Cal. 2006). Second, while there is a First Amendment right to petition the government for redress of grievances, it is not a freestanding right. The Magistrate Judge was correct in finding that such claims brought under the First Amendment require a showing of a resulting actual injury concerning a legal action.

Accordingly, Plaintiff's motion for reconsideration on this issue is denied.

## **ORDER**

For these reasons, Plaintiff's motion for reconsideration is DENIED. However, as noted above, the Court will GRANT Plaintiff an opportunity to file an amended complaint. Plaintiff's amended complaint SHALL be due thirty (30) days from the date of service of this order.

Plaintiff is reminded that an amended complaint supersedes the original complaint, *Lacey v. Maricopa County*, 693 F.3d 896, 907 n.1 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superseded pleading," Local Rule 220.

If Plaintiff does not file an amended complaint within this time, his First Amended Complaint will be the operative complaint and will be screened in due course.

IT IS SO ORDERED.

Dated:   October 29, 2014

SENIOR DISTRICT JUDGE